Irene M. Ibarra Executive Director Department of Social Services 1575 Sherman Street, 8th Floor Denver, Colorado 80203
Dear Ms. Ibarra:
I am writing in response to your August 8, 1990, inquiry about the authority of the General Assembly to appropriate sums from the Old Age Pension (hereafter "OAP") Health and Medical Fund.
QUESTIONS PRESENTED AND CONCLUSIONS
a. Does the General Assembly have the authority to appropriate or limit the expenditure or transfer of moneys in the OAP Health and Medical Fund?
 No. The authority to cause moneys to be spent from the OAP Health and Medical Care Fund resides exclusively with the State Board of Social Services.
ANALYSIS
Article XXIV of the Colorado Constitution establishes the OAP Fund. The key features of this Fund can be summarized as follows:
b. Eighty-five percent (85%) of nearly all sales and liquor tax revenue, and all inheritance tax revenue and incorporation fees, together with other revenues, are allocated to the OAP Fund. Colo. Const. art. XXIV, § 2.
c. The State Board of Social Services has the authority to administer the OAP Fund and to "cause all moneys deposited" in the fund "to be paid out" as directed by the Constitution. Colo. Const. art. XXIV, § 4; § 24-1-120(2), C.R.S. (1988).
d. All moneys deposited in the OAP Fund are available first to pay basic minimum awards to eligible elderly citizens. Any funds available after the basic minimum awards have been made are available to maintain a $5 million Stabilization Fund. Any funds available after maintaining the Stabilization Fund "shall be transferred to a health and medical care fund" of up to $10 million. Colo. Const. art. XXIV, § 7.
e. The State Board of Social Services has authority to adopt regulations to provide health and medical care for citizens eligible to receive OAP awards within the $10 million limit of the Health and Medical Care Fund. Colo. Const. art. XXIV, §7(c).
f. "All moneys deposited in the Old Age Pension Fund shall remainavailable for the purpose for which created, andno part thereof shall be transferred to any other fund, or used or appropriated for any other purpose. . . ." Colo. Const. art. XXIV, § 8.
g. Any funds remaining after paying basic minimum awards, maintaining the $5 million Stabilization Fund, and providing $10 million to the Health and Medical Care Fund transfer to the General Fund of the State and are subject to appropriation by the General Assembly. Colo. Const. art. XXIV, § 7(c) and § 8.
In the recent past, the Long Bill enacted by the General Assembly has purported to appropriate part or all of the $10 million OAP Health and Medical Care Fund to specific line items in the Department of Social Services' budget. See,e.g., 1989 Colo. Sess. Laws, ch. 1, pt. XXI(6)(C)(1)(a) at p. 80, where the bill indicates that $4,270,039 in cash funds has been appropriated to purchase supplemental medicare insurance benefits. This appropriation is accompanied by a footnote (b) saying "this amount shall be from the Old Age Pension Health and Medical Care Fund."
A question has been raised whether line items and footnotes such as this limit the amount that may be paid for health and medical services provided to OAP recipients pursuant to regulations adopted by the State Board of Social Services. According to the plain language of the constitutional provisions cited above, it is clear that the entire $10 million is available for such purposes and that no part of that $10 million can be appropriated, transferred or administered by the General Assembly. Admittedly, the General Assembly normally has plenary power of appropriation. Colorado General Assembly v.Lamm, 700 P.2d 508, 519 (Colo. 1985). The Constitution, however, limits the plenary power of the General Assembly.Colorado State Civil Service Employees v. Love,167 Colo. 436, 448, 448 P.2d 624, 628 (1988). In this case, article XXIV of the Constitution, and in particular §§ 4, 7 and 8 thereof, make it unmistakeably clear that the State Board of Social Services administers the Health and Medical Care Fund within the $10 million limit and that the General Assembly cannot appropriate, transfer, or otherwise administer those funds.
In effect, article XXIV has established a trust with the State Board of Social Services as trustee. Cf.Gonzalesv. Shea, 318 F. Supp. 572, 575-576 (D. Colo. 1970),vacated and remanded on other grounds, 403 U.S. 927
(1971). It would be inconsistent with both the express language and the manifest intent of article XXIV to allow the General Assembly to appropriate these trust funds or to direct the trustee how to expend the funds.
SUMMARY
The General Assembly cannot appropriate or otherwise limit payment from the OAP Health and Medical Care Funds. Such payment, of course, cannot exceed $10 million annually and it must be made for medical or health care provided to OAP recipients pursuant to regulations adopted by the Board of Social Services.
Sincerely,
 DUANE WOODARD Attorney General
AGED, AID TO APPROPRIATIONS PUBLIC FUNDS
Colo. Const. art. XXIV, §§ 2, 4, 7, 7(c), and 8
§ 24-1-120(2), C.R.S. (1984)
OLD AGE PENSION
The State Board of Social Services has exclusive authority to distribute money from the Old Age Pension Health and Medical Fund. The General Assembly has no authority to appropriate or limit expenditures of transfers of money from this fund.